**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
George V. Granade
*ggranade@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10001
Telephone: (212) 646-0500
Facsimile: (212) 253-4272

-and -

**HALUNEN LAW**
Melissa W. Wolchansky
*wolchansky@halunenlaw.com*
Amy E. Boyle
*boyle@halunenlaw.com*
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*Counsel for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDER PANVINI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASAHI BEER U.S.A., INC.,<br><br>Defendant. | Case No. ______________________<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alexander Panvini ("Plaintiff") files this class action complaint on behalf of himself and all others similarly situated against Asahi Beer U.S.A., Inc. ("Asahi" or "Defendant"), and states as follows:

**INTRODUCTION**

1. This is a class action brought on behalf of consumers of Asahi Super Dry beer ("Asahi Dry") who have been led to believe that Asahi Dry is manufactured in and imported from Japan. Asahi's marketing and sale of Asahi Dry misleads consumers to believe the beer is imported from Japan by using: (1) the name of the product itself – Asahi – which is a city located in Japan; (2) Japanese lettering on the label which, in Japanese, describes the taste of the product; (3) description of the product as the "most popular high-quality beer in Japan" and "Japan's first dry beer." Defendant also misleads consumers to believe that Asahi Dry is brewed by a Japanese brewery – namely, Asahi Breweries Limited – when in fact it is not, but rather it is brewed by Molson in Canada.

2. Asahi also sells its Asahi Dry at prices substantially higher than other Canadian beer, despite the fact that the beer is not from Japan, but rather is brewed in North America.

**JURISDICTION, VENUE AND PARTIES**

3. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed class and Defendant.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendant caused harm to class members residing in this district.

5. Defendant Asahi is located at 3625 Del Amo Boulevard, Torrance, California 90503.

## SUBSTANTIVE ALLEGATIONS

**Asahi Dry is Marketed and Advertised as Being Imported from Japan**

6. Imported beer is the fastest growing segment of the American beer market, nearly doubling in market share during the 1990s.[1]

7. Asahi currently markets and sells Asahi Dry throughout the United States.

8. Defendant misleads consumers to believe that Asahi Dry is an imported beer from Japan through a number of means.




[1] John Tierney, *The State of American Beer: What's rising, what's fading, and what people are really drinking*, THE ATLANTIC (Apr. 15, 2014), (footnote continued on next page) http://www.theatlantic.com/business/archive/2014/04/the-state-of-american-beer/360583/ (last visited April 12, 2016).

9. For example, the name of the product itself suggests to consumers that Asahi Dry is from Japan. Asahi is a city in Japan renowned for its high quality agriculture. The word Asahi translates into English as "Rising Sun," a phrase synonymous with the nation of Japan.

10. Moreover, Defendant uses the statement "Japan's No. 1 Beer" to express to the reasonable consumer that Asahi Dry is from Japan.

11. Most of the Asahi Dry sold around the world is brewed and exported from Japan. This is not true, however, for Asahi Dry sold in the United States. Rather, that beer is brewed in Toronto, Canada. Indeed, the Asahi Dry sold in the United States is not even brewed by Asahi, but rather by Molson.

12. Defendant compounds this misleading message that Asahi Dry is from Japan by using a number of phrases written in Japanese character on its label: For example, アサヒビール found on the bottom of the label translated to "Asahi beer."






13. Additionally, Defendant uses the phrase "Karakuchi"—the Japanese word for dry in flavor— as well as its corresponding Japanese characters 辛口.[2]

14. Finally, the label uses the Japanese characters, スーパードレイ, which translate into Super Dry.




[2] Esake.com, http://www.esake.com/Knowledge/Glossary/glossary.html (last visited Mar. 10, 2017).




15. Taken as a whole, the verbiage and iconography used on Defendant's label to believe that Asahi Dry is imported beer from Japan.

16. Defendant also falsely conveys on its website and in other marketing materials that Asahi Dry is imported from Japan. For example, Defendant states the following on its website:

> With its refreshing barley flavor and crisp aftertaste, **Asahi Super Dry is by far the most popular high-quality beer in Japan. Since its debut in 1987 as Japan's first dry beer,** it has continued to improve the taste and excitement of beer. Its taste has set a new standard that is acknowledged around the world today.[3]

---

[3] Asahi, http://www.asahibeer.com/brands/beer/superdry/ (last visited Mar. 10, 2017) (emphasis added).

17. Defendant's website further states, "ASAHI SUPER DRY was introduced on March 17, 1987, **as Japan's first KARAKUCHI draft beer**, the culmination of an effort to reflect the customer's true preference in what they want from a beer."[4]

18. Although the company maintains the illusion that Asahi Dry is imported from Japan from Asahi Breweries, all Asahi Dry sold in the United States is brewed by Molson in Canada. Despite these origins, Asahi's marketing and advertising suggests that Asahi Dry is imported from Japan.

19. Most breweries proudly display the location where their products are brewed. Here, Defendant is misleading its customers to believe that Asahi Dry is imported from Japan, not brewed North America.

20. Restaurants that serve Asahi Dry similarly understand and represent it as being imported from Japan. For example, the Japanese restaurant chain Benihana lists Asahi as a Japanese brand:




[4] Asahi, http://www.asahibeer.com/brands/beer/superdry/story/ (last visited Mar. 10, 2017) (emphasis added).

21. Food markets and liquor stores also market Asahi Dry as being imported from Japan. For example:



[5]

22. Defendant's misrepresentations cause confusion among consumers, who believe they are purchasing beer imported from Japan that has been brewed with Japanese ingredients, when, in fact, they are purchasing beer brewed in North America.

23. Defendant fails to adequately disclose Asahi Dry is made by Molson Canada in Toronto, Canada. In small non-descript writing, which is completely subsumed by Japanese

---

[5] Surdyk's Liquor & Cheese Shop, http://shop.surdyks.com/asahi-super-dry-6pk.html (last visited Mar. 10, 2017).

phrases and icons, Asahi discloses Asahi Dry is brewed in Canada. However, the disclosure does not correct the false impression created by Defendant's extensive misrepresentations that Asahi Dry is brewed in Japan.

24. Consumer confusion is compound by the labeling claims made on Defendant's other beer products. For example, Defendant's Asahi Black beer prominently states it is "brewed and bottled by Asahi Breweries, Ltd. Tokyo, Japan."




25. Defendant knows that consumers are willing to pay more for Japanese beers that use Japanese ingredients due to their perception that they are of better quality, and believe they are paying costs associated with importing Japanese beer to the United States, over competing Canadian beers.

26. As a result of these unfair and deceptive practices, Defendant has likely collected millions of dollars from the sale of Asahi Dry that it would not have otherwise earned. Plaintiff and Class members paid money for beer that is not what it purports to be or what they bargained for. They paid a premium for Asahi Dry when they could have instead bought other, less expensive, Canadian beer. By way of example, at BevMo! liquor stores in San Jose, California, a

six pack of 12 ounce bottles of Asahi Dry sells for $9.79.[6] At the same store, a six pack of Kirin Ichiban—a Japanese beer—sells for $8.49.[7] Additionally, a six pack of Molson Canadian Lager sells for $6.99.[8] Thus, as a result of Defendant's deceptive acts, Plaintiff and the Class members paid a premium of $1.30 over competing Japanese beers, and $2.80 over competing Canadian beers.

**Plaintiff's Experiences**

27. At all relevant times, Plaintiff resided in, and continues to reside in Seattle, Washington. During the relevant time period, Plaintiff purchased Asahi Dry at multiple locations in California during or around June through August of 2015. He purchased Asahi Dry from retail stores in Concord, Lafayette and Walnut Creek, California. Plaintiff purchased Asahi Dry bottles in six packs. Plaintiff purchased Asahi Dry in reliance on Defendant's representations contained on the packaging that the beer was imported from Japan. Plaintiff has since learned that Asahi Dry is not imported from Japan, but rather made in North America. Plaintiff would not have purchased Asahi Dry had he known the Defendant's representations were false. Because of Defendant's misrepresentations and deceptive conduct, Plaintiff purchased beer that had less value than what Plaintiff paid, and Plaintiff has accordingly suffered legally cognizable damages proximately caused by Defendant's misconduct. After learning the truth about Defendant's mislabeling of Asahi Dry, Plaintiff decided to stop purchasing it. If Asahi Dry were accurately labeled, Plaintiff would continue purchasing them.

---

[6] BevMo!, http://www.bevmo.com/catalog/product/view/id/33187(last visited Mar. 21, 2017).

[7] BevMo!, http://www.bevmo.com/catalog/product/view/id/31653 (last visited Mar. 21, 2017).

[8] BevMo!, http://www.bevmo.com/catalog/product/view/id/44592 (last visited Mar. 21, 2017).

**CLASS ALLEGATIONS**

28. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following classes:

a. The "California Class," which consists of: All consumers within the State of California who purchased Asahi Dry during the Class Period for their personal use, rather than for resale or distribution. Excluded from the California Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

b. The "Nationwide Class," which consists of: All consumers in the United States and its territories who purchased Asahi Dry during the Class Period for their personal use, rather than for resale or distribution. Excluded from the Nationwide Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

(Collectively referred to as the "Class").

29. The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

a. Numerosity: The members of each class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown to Plaintiff, based on Defendant's volume of sales, Plaintiff estimates that each Class numbers in the thousands.

b. Commonality: There are questions of law and fact that are common to the Class members and that predominate over individual questions. These include the following:

i. Whether Defendant misrepresented to the Class members that Asahi Dry is imported from Japan;

ii. Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

iii. Whether Defendant's labeling, marketing, and sale of Asahi Dry constitutes an unfair, unlawful, or fraudulent business practice;

iv. Whether Defendant's labeling, marketing, and sale of Asahi Dry constitutes false advertising;

v. Whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

vi. The appropriate remedies for Defendant's conduct.

c. Typicality: Plaintiff's claims are typical of the claims of the Class members because Plaintiff suffered the same injury as the Class members by nature of their purchases of Asahi Dry based on Defendant's misrepresentations that Asahi Dry is imported from Japan.

d. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the members of each class. Plaintiff does not have any interests that are adverse to those of the Class members. Plaintiff has retained competent counsel experienced in class action litigation and intends to prosecute this action vigorously and have the financial means of doing so.

e. Superiority: A class action is superior to other available methods for the efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged, while an important public interest will be served by addressing the matter as a class action.

30. The prerequisites for maintaining a class action for injunctive or equitable relief pursuant to Federal Rule of Civil Procedure 23 (b)(2) are met because Defendant has acted or refused to act on grounds generally applicable to each Class member, thereby making appropriate final injunctive or equitable relief with respect to each class as a whole.

31. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**RULE 9(b) ALLEGATIONS**

32. Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

33. WHO: Defendant made material misrepresentations and failed to adequately disclose material facts as detailed herein. Except as identified herein, Plaintiff is unaware, and therefore unable to identify, the true names and identities of those individuals at Defendant who are responsible for such material misrepresentations and omissions.

34. WHAT: Defendant made material misrepresentations regarding Asahi Dry. Specifically, Defendant represented to consumers, through the marketing and packaging of Asahi Dry, that Asahi Dry is brewed in and imported from Japan. These representations are false and misleading because Asahi Dry is not brewed in or imported from Japan.

35. WHEN: Defendant made the material misrepresentations, omissions, and non-disclosures detailed herein continuously at every point of purchase and consumption throughout the Class Period.

36. WHERE: Defendant's material misrepresentations, omissions, and non-disclosures detailed herein were made, *inter alia*, on the labels and packaging of Asahi Dry.

37. WHY: Defendant engaged in the material misrepresentations, omissions, and non-disclosures detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a premium for Asahi Dry based on the belief that Asahi Dry is imported from Japan. Defendant profited by selling Asahi Dry to thousands of unsuspecting consumers.

**FIRST CAUSE OF ACTION**
**(ON BEHALF OF THE NATIONWIDE CLASS AND THE CALIFORNIA CLASS)**
**(Violation of California Business & Professions Code §§ 17200 *et seq.* )**

38. Plaintiff incorporate by reference all allegations contained in the complaint as if fully set forth herein.

39. Plaintiff brings the following claim on behalf of the Nationwide Class, or in the alternative, on behalf of the California Class.

40. California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

41. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant, as alleged herein, constitute "unlawful" business acts or practices in that they violate the California False Advertising Law ("FAL") and California Consumer Legal Remedies Act ("CLRA") as stated below.

42. The false and misleading labeling of Asahi Dry, as alleged herein, also constitutes "unfair" business acts or practices because such conduct is immoral, unscrupulous, and offends public policy. Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

43. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "fraudulent" business acts or practices, because Defendant's conduct is false and misleading to Plaintiffs and members of the Nationwide Class.

44. Defendant leveraged its deception to induce Plaintiff and members of the Nationwide Class to purchase products that were of lesser value and quality than advertised.

45. Defendant's deceptive advertising caused Plaintiff and members of the Nationwide Class to suffer injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to purchase Asahi Dry over other products that are less expensive. Had Plaintiff and the members of the Nationwide Class been aware of Defendant's false and misleading advertising tactics, they would not have purchased Asahi Dry at all, or would have paid less than what they did for it.

46. In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and fraudulent acts and practices and to commence a corrective advertising campaign.

47. Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of Asahi Dry that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

**SECOND CLAIM**
**(ON BEHALF OF THE NATIONWIDE CLASS AND THE CALIFORNIA CLASS)**
**(Violation of California Business & Professions Code §§ 17500, *et seq.* – False and Misleading Advertising)**

48. Plaintiff incorporates by reference all allegations contained in the complaint as if fully set forth herein.

49. Plaintiff brings the following claim on behalf of the Nationwide Class, or in the alternative, on behalf of the California Class.

50. California False Advertising Law (Cal. Business & Professions Code sections 17500 and 17508) prohibits "mak[ing] any false or misleading advertising claim."

51. As alleged herein, Defendant makes "false [and] misleading advertising claim[s]," as it deceives consumers to believe that Asahi Dry is imported from Japan.

52. In reliance on these false and misleading advertising claims, Plaintiff and members of the Nationwide Class purchased Asahi Dry believing it was imported from Japan.

53. Defendant knew or should have known that its labeling and marketing was likely to deceive consumers.

54. As a result, Plaintiff and the Nationwide Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**THIRD CLAIM**
**(ON BEHALF OF THE NATIONWIDE CLASS AND THE CALIFORNIA CLASS)**
**(Violation of California Civil Code §§ 1750, *et seq.* – Consumers Legal Remedies Act)**

55. Plaintiff incorporates by reference all allegations contained in the complaint as if fully set forth herein.

56. Plaintiff brings the following claim on behalf of the Nationwide Class, or in the alternative, on behalf of the California Class.

57. The CLRA adopts a statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services primarily for personal, family, or household purposes

58. Defendant's policies, acts, and practices were designed to, and did, result in the purchase of Asahi Dry primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

a. Section 1770(a)(2), which prohibits representing that goods have a particular source, sponsorship, approval or certification that they do not have;

b. Section 1770(a)(3) which prohibits representing the affiliation, connection, or association with, or certification, by another;

c. Section 1770(a)(4) which prohibits representations or designations of geographic origin in connection with goods or services;

d. Section 1770(a)(5), which prohibits representing that goods have sponsorship, approval, characteristics, uses, or benefits that they do not have;

e. Section 1770(a)(7), which prohibits representing that goods are of a particular standard, quality, or grade if they are of another;

f. Section 1770(a)(9), which prohibits advertising goods with intent not to sell them as advertised; and

g. Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

59. On information and belief, Defendant's actions were willful, wanton, and fraudulent.

60. On information and belief, officers, directors, or managing agents at Defendant authorized the use of the misleading representations about Asahi Dry.

61. CLRA SECTION 1782 NOTICE. On November 29, 2016, Plaintiff, through counsel, delivered a CLRA demand letter to Defendant that provided notice of Defendant's violation of the CLRA and demanded Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff would file a complaint seeking damages in accordance with the CLRA. Defendant failed to comply with the letter. For the foregoing reasons, pursuant to Civil Code section 1780(a)(3), Plaintiff, individually and on behalf of all other members of the Class, seeks compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

62. Pursuant to Civil Code sections 1780 and 1782, Plaintiff and the Class members seek damages in an amount to be proven at trial, an injunction to bar Defendant from continuing their deceptive advertising practices, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

A. An order enjoining Defendant from continuing the unlawful practices set forth above;

B. An order declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C. An order requiring Defendant to disgorge and make restitution of all monies Defendant acquired by means of the unlawful practices set forth above;

D. Statutory and other damages;

E. Compensatory damages according to proof;

F. Reasonable attorneys' fees and costs of suit;

G. Pre-judgment interest; and

H. Such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class members request a jury trial for any and all Counts for which a trial by jury is permitted by law.

Dated: April 5, 2017 By: **REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
*mreese@reesellp.com*
George V. Granade
*ggranade@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10001
Telephone: 212-646-0500

**HALUNEN LAW**
Melissa W. Wolchansky
*wolchansky@halunenlaw.com*
Amy E. Boyle
*boyle@halunenlaw.com*
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098

*Counsel for Plaintiff*
*and the Proposed Class*